**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRADLEY C. BIRKENFELD,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-12-0397** |
| v. : | |
| : | **(Judge Caputo)** |
| **H.L. HUFFORD, WARDEN,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

Petitioner, Bradley Birkenfeld, a former federal inmate, initiated the above captioned *pro se* Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2241. (Doc. 1, Pet.)  Mr. Birkenfeld filed his Petition when he was in the custody of the Federal Bureau of Prisons (BOP) at the Federal Prison Camp located adjacent to the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania.  In his Petition he challenges that the BOP failed to properly consider him for placement in a Residential Re-Entry Center (RRC) when it refused to consider him for additional RRC placement by virtue of an incentive provision within the Second Chance Act of 2007 for his extensive participation in inmate skills development programming; and that the BOP's intentional delay in the administrative remedy process to prevent him from receiving the benefit of a twelve (12) month RRC placement.

The Court finds it unnecessary to make a determination regarding Mr. Birkenfeld's release to a RRC facility because he was released from BOP custody and is presently housed at the Community Corrections Management Office in Philadelphia, Pennsylvania.[1]  Accordingly, for the reasons that follow, the Petition will be dismissed as moot for lack of jurisdiction.

## II.     Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required b Article III of the Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Burkey v. Marberry*, 556 F.3d 142, 147-48 (3d Cir. 2009).  This "case or controversy" requirement requires that a party have a personal stake in the outcome through all stages, trial and appellate, of the proceedings.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 1253-54, 108 L.Ed.2d 400 (1990); *Burkey,* 556 F.3d at 147. The mootness doctrine is centrally concerned with the court's ability to grant effective relief.  *Knox v. Serv. Employees Int'l Union*, ___ U.S. ___, ___, 132 S.Ct. 2277, 2287, ___ L.Ed.2d ___ (2012).  If an event occurs that makes it impossible for a court to grant any effectual relief, the case must be dismissed.  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed. 313 (1992).

---

[1]  *See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp.

A federal prisoner's § 2241 challenge to the BOP's determination concerning their RRC placement is rendered moot once the inmate is released to a RRC and no additional relief can be granted by the court. *Laor v. Fed. Bureau of Prisons*, 340 F. App'x 771 (3d Cir. 2009); *see also Chhibba v. Fed. Bureau of Prisons*, 154 F. App'x 279 (3d Cir. 2005).

In the instant case, Mr. Birkenfeld's sole contention was that the BOP did not afford him proper consideration under the Second Chance Act for release to a RRC, and his request for relief was that this Court direct the BOP to reconsider the length of his placement.  On August 8, 2012, Respondent filed a Suggestion of Mootness noting that Mr. Birkenfeld had been released from BOP custody and was presently confined at the Community Corrections Management Office in Philadelphia, Pennsylvania, with a projected release date of November 29, 2012.  (*See* Doc. 23-1 at CM/ECF p. 2).  Because Mr. Birkenfeld has been released to a RRC, the relief sought in his petition has been afforded.  The Court concludes that there remains no actual injury which the Court could redress with a favorable decision.

### III.    Conclusion

For the foregoing reasons, there is no case or controversy for this Court to consider, and the petition for writ of habeas corpus (Doc. 1), and Respondent's motion for leave to file a supplemental response (Doc. 18) must be dismissed as moot.  An appropriate order follows.

                                                         /s/ A. Richard Caputo
                                                         A. RICHARD CAPUTO
                                                         United States District Judge

**Date: August 13    , 2012**